IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01216-BNB

ERIC B. BARNEY JR.,

    Plaintiff,

v.

BROOMFIELD COUNTY JAIL, ADMINISTRATION,
CLASSIFICATION COMMITTEE, and
JANE OR JOHN DOE OFFICER

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG - 2 2006

GREGORY C. LANGHAM
                  CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff Eric B. Barney Jr. currently is held at the Denver County Jail in Denver, Colorado. On June 14, 2006, Mr. Barney submitted to the Court a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983. The Court must construe the Complaint liberally, because Mr. Barney is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Barney will be ordered to file an Amended Complaint and to show cause why the Complaint should not be dismissed for failure to exhaust administrative remedies.

Mr. Barney sets forth one claim alleging that while he was held at the Broomfield County Jail he was placed in solitary confinement in violation of his due process, equal protection, and Eighth Amendment rights. He further asserts that his Fourth and Sixth Amendment rights were violated when his outgoing mail, which included his legal and medical documents, was read by jail staff. Plaintiff seeks compensatory and punitive damages.

Mr. Barney may not sue Defendant Broomfield County Jail Administration. The Broomfield County Jail Administration is not a separate entity from Broomfield County and, thus, is not a person under 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). The claim asserted against the Broomfield County Jail Administration must be considered as asserted against Broomfield County.

Nonetheless, municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Mr. Barney cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

With respect to named Defendant Classification Committee, the Committee is not a person for the purpose of a § 1983 action. Plaintiff, therefore, must name as

parties to the action each of the members of the committee and demonstrate how each of them personally participated in the asserted violations of his rights. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Personal participation is an essential allegation in a civil rights action. *Id.* To establish personal participation, a plaintiff must show that each defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

Also, Plaintiff should note that he may use fictitious names, such as "Jane or John Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Plaintiff uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service. Mr. Barney will be ordered to file an Amended Complaint that names as defendants the specific persons who allegedly violated his rights.

Further, pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes,

and whether they allege excessive force or some other wrong." ***Porter v. Nussle***, 534 U.S. 516, 532 (2002).

Plaintiff was a prisoner confined in a correctional facility at the time the claims arose, and the claims raised in this action relate to prison conditions. Therefore, Plaintiff must have exhausted all the available administrative remedies. Furthermore, § 1997e(a) "imposes a pleading requirement on the prisoner." ***Steele v. Fed. Bureau of Prisons***, 335 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Plaintiff must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211.

Plaintiff has failed to meet the ***Steele*** requirement. In response to Question Two under Section "F. Administrative Relief" of his Complaint, Plaintiff states that he has exhausted his remedies by "writing inmate requests and grievances to the classification committee and Commander Hartman at the Broomfield County Jail." Plaintiff has not submitted copies of any administrative grievances, and he fails to describe with specificity what steps he is required to take to exhaust administrative remedies for each of the claims he raises and how he has taken these steps to exhaust his administrative remedies. Therefore, Plaintiff will be directed to show cause why the Complaint should not be dismissed for failure to state with specificity, or to attach copies of administrative proceedings indicating, how he has exhausted or attempted to exhaust his administrative remedies with respect to all the alleged claims. Accordingly, it is

ORDERED that Mr. Barney shall file, **within thirty days from the date of this Order**, an Amended Complaint, including an original and sufficient copies, that clarifies

how each properly named Defendant personally participated in the asserted constitutional violation and that shows how Plaintiff has exhausted his administrative remedies. It is

FURTHER ORDERED that the Amended Complaint shall be titled, "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Barney, together with a copy of this Order, two copies of the Prisoner Complaint form. It is

FURTHER ORDERED that Mr. Barney submit sufficient copies of the Amended Complaint to serve each named Defendant. It is

FURTHER ORDERED that if Mr. Barney fails to file **within thirty days from the date of this Order** an Amended Complaint that complies, to the Court's satisfaction, with this Order the action will be dismissed without further notice.

DATED August 2, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01216-BNB

Eric B. Barney, Jr.
P.O. Box 370247
Denver, CO 80237

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 8/2/06

GREGORY C. LANGHAM, CLERK

By: /s/ Andrea
       Deputy Clerk