FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 2 2 2006

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01216-BNB

ERIC B. BARNEY JR.,

    Plaintiff,

v.

COMMANDER HARTMANN,
JANE OR JOHN DOE OFFICER,
JANE DOE, Officer, and
JOHN DOE, Officer,

    Defendants.

---

## ORDER TO DISMISS IN PART AND TO DRAW CASE
## TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff Eric B. Barney currently is detained at the Denver County Jail. On June 14, 2006, Mr. Barney submitted to the Court a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983. On August 2, 2006, Magistrate Judge Boyd N. Boland directed Mr. Barney to amend the Complaint and allege personal participation by properly named Defendants and to plead exhaustion of his administrative remedies. On September 5, 2006, Mr. Barney filed an Amended Complaint.

In the Amended Complaint, Plaintiff alleges that when he was initially booked and placed in the Broomfield County Jail he was disciplined for threatening jail officers. As a result of the disciplinary finding, Plaintiff asserts that he was given twenty days in

segregation without privileges.  He further asserts that after he completed the twenty-day sanction he still was held in segregation and was only allowed to regain his privileges one at a time based upon a bi-weekly review.  Plaintiff contends that even though he did not display any disruptive behavior Defendants Hartmann and John or Jane Doe Officer continued to keep him in segregation for at least five months in violation of his due process rights.  Plaintiff also contends that in violation of his equal protection rights other detainees were released from segregation after they completed their time served.  Plaintiff also asserts that outside of his presence different John Doe and Jane Doe Officers opened and read his legal and medical documents that were with his personal property to be released to his mother.

Mr. Barney seeks money damages.  Plaintiff also has attached copies of grievances that indicate he has exhausted his administrative remedies.

The Court must construe the Complaint liberally because Mr. Barney is a *pro se* litigant.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.  However, a court should not act as a *pro se* litigant's advocate. *See id.*

The case and the claims alleged against Defendants Commander Hartmann and Jane or John Doe Officer will be drawn to a district judge and to a magistrate judge.

The second named Jane Doe and John Doe Officers who are responsible for opening Plaintiff's envelope that contained his legal and medical documents will be dismissed from the action. Plaintiff asserts only one incident where an envelope that contained his legal and medical documents was opened by jail staff personnel outside of his presence. Plaintiff states that the documents were in an envelope to be released to his mother and therefore were to be sent out of the jail. Plaintiff does not indicate any evidence of improper motive or resulting interference in his right to counsel or to access to the courts due to the opening of the envelope.

Under *Smith v. Maschner*, 899 F.2d 940 (10th Cir. 1990), Plaintiff has failed to assert a constitutional deprivation regarding his legal documents. Plaintiff also has failed to assert that he was subjected to an unreasonable search in violation of his Fourth Amendment rights because his legal and medical documents were viewed by jail staff on one occasion. The Court also does not find a constitutional deprivation with respect to the alleged viewing by jail staff, outside of his presence, of his medical documents. Accordingly, it is

ORDERED that the John Doe Officer and Jane Doe Officer responsible for opening Plaintiff's envelope that contained his legal and medical documents are dismissed as parties to this action. It is

FURTHER ORDERED that the Clerk of the Court shall remove the second named John Doe Officer and Jane Doe Officer from the docket as parties to the action. It is

FURTHER ORDERED that the case and the claims alleged against remaining Defendants Commander Hartmann and first named Jane or John Doe Officer shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 21 day of Sept, 2006.

BY THE COURT:

*Zita Weinshienk*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 06-cv-01216-BNB

Eric B. Barney, Jr.
Prisoner No. 1485165
Denver County Jail
P.O. Box 1108
Denver, CO 80201

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  9-22-06

GREGORY C. LANGHAM, CLERK

By: _____
           Deputy Clerk