IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-01216-MSK-PAC

ERIC B. BARNEY, JR.,

    Plaintiff,

v.

COMMANDER HARTMANN, and
JANE OR JOHN DOE OFFICER,

    Defendants.

_____

**OPINION AND ORDER DISMISSING ACTION**
_____

    **THIS MATTER** comes before the Court *sua sponte*.

    On June 14, 2006, the Plaintiff *pro se* commenced this action by filing a request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 **(# 1)**. On July 13, 2006, that request was granted **(# 11)**. That Order stated that "the plaintiff shall be required to make monthly payments of twenty percent (20%) of the preceding month's income credited to his trust fund account or show cause each month as directed above why he has no assets and no means by which to make the monthly payment." The Order further advised him that failure to make the required monthly payments or to otherwise show cause why he could not would result in dismissal of his Complaint.

    On December 19, 2006, United States Magistrate Judge O. Edward Schlatter issued an Order to Show Cause **(# 35)**, noting that the Plaintiff had failed to make filing fee payments or to

1

show cause for such failures in the months of August, September, October, and November 2006. The Order to Show Cause directed that the Plaintiff make the tardy payments for those months or to show cause why he could not.[1] It further directed the Plaintiff to make future payments by the 15th of each successive month, without awaiting a direction to do so from the Court. The Order to Show Cause again advised the Plaintiff that failure to comply would result in dismissal. Nevertheless, January 15, 2007 and February 15, 2007 have now passed without any payment by the Plaintiff or any attempt to show cause by him as to why such payment cannot be made.

Although the Order to Show Cause was issued by a Magistrate Judge pursuant to a reference under 28 U.S.C. § 636(b)(1)(A), there is no reason to needlessly delay the disposition of this case. Accordingly, the Court withdraws the reference of the case to the Magistrate Judge.

The Court finds that the Plaintiff has failed to comply with the Order to Show Cause. As to the failure to make payments by the 15th of the month in January and February 2007, that violation of the Court's Order is unambiguous. As to the failure to make past-due payments for August-November 2006 (not to mention that no payment was made in December 2006), the Court notes that the Magistrate Judge's Order to Show Cause did not set a deadline for making such payments, but more than 60 days have passed since the Plaintiff was directed to become current on his payments, and the Court finds that the continued failure to make the past due payments has now become unreasonable. Accordingly, the Court finds the Plaintiff to be in violation of the Order to Show Cause.

Where a party fails to respond to orders of the Court, the selection of the appropriate sanction is governed by the factors articulated in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th

---

[1]The Order to Show Cause did not specify a date by which such payment had to be made.

Cir.1992); *Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir.1994). Under *Ehrenhaus*, the Court considers: (i) the degree of actual prejudice to the other party; (ii) the degree of prejudice to the judicial process; (iii) the culpability of the litigant; (iii) whether the Court warned the party in advance of the consequences for non-compliance; and (iv) the efficacy of lesser sanctions. 965 F.2d at 921. In weighing these factors, the Court is mindful that dismissal of an action is the ultimate sanction, and should be the punishment of last resort when no lesser sanctions would be effective. *Oklahoma Federated Gold and Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 139 (10th Cir. 1994); *Jones v. Thompson*, 996 F.2d 261, 266 (10th Cir. 1993). However, once the aggravating factors outweigh the judicial system's strong preference for resolving cases on their merits, dismissal becomes an appropriate remedy. *Ehrenhaus*, 965 F.2d at 921. In addition, the Court is mindful of the Plaintiff's *pro se* status, and reads his pleadings liberally as a result. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). However, such liberality does not relieve the Plaintiff of the obligation to comply with the Court's rules and Orders. *Id.*

Plaintiff's objectionable conduct is twofold: the failure to make regular payments towards the filing fee, and the failure to comply with the orders of the Court directing him to do become and stay current as to such payments. These failures do not directly prejudice the Defendants, but they do cause great harm to the judicial process. The refusal of an incarcerated person to make periodic payments towards the filing fee as required by 28 U.S.C. § 1915(b) undercuts the Court's ability to carry out Congress' statutory mandates in an efficient and uniform manner and deprives the Court of revenue. The refusal of a party to comply with the Court's orders threatens the ability of the Court to effectively and efficiently manage its caseload. The Court finds that the

Plaintiff is entirely culpable for both failings, as the docket indicates that he was served with the Order to Show Cause at his address of record **(# 12)**, and he has come forward with no explanation or justification for his failure to comply.  The Court also finds that the both the Order granting him leave to proceed *in forma pauperis* and the Order to Show Cause advised the Plaintiff of the possibility of dismissal for failing to make payments.

Finally, the Court turns to the question of whether a sanction short of dismissal is appropriate.  The Court finds no alternative sanction will adequately remedy the prejudice to the judicial system.  The Plaintiff has already been given a warning regarding his failure to remit payment and been given an opportunity to cure, and he has not done so.  Further warnings are unlikely to be availing, particularly in light of the Plaintiff's silence in response to the Order to Show Cause.  Monetary sanctions would clearly be ineffectual, given the Plaintiff's indigence and intransigence.  A remedy limiting the Plaintiff's ability to present evidence would not bear any reasonable relationship to the nature of her objectionable conduct.  Accordingly, the Court concludes that dismissal of the Complaint is the only reasonable sanction.

For the foregoing reasons, the Amended Complaint **(# 18)** is **DISMISSED**, both for failure to remit periodic payments towards the filing fee as required by 28 U.S.C. § 1915(b) and for failure to comply with the Court's December 19, 2006 Order to Show Cause. The Clerk of the Court is directed to close this case.

Dated this 28th day of February, 2007

                                      **BY THE COURT:**

                                      */s/ Marcia S. Krieger*

                                      Marcia S. Krieger
                                      United States District Judge